FILED: ONONDAGA COUNTY CLERK 02/25/2019 01:51 PM
NYSCEF DOC. NO. 1

INDEX NO. 001746/2019
RECEIVED NYSCEF: 02/25/2019

STATE OF NEW YORK
SUPREME COURT      COUNTY OF ONONDAGA

JOHN MEZZALINGUA ASSOCIATES, LLC
7645 Henry Clay Boulevard
Liverpool, New York 13088,

　　　　　　　　　　　　　　　Plaintiff,

-vs-

DARLENE BRAUNSCHWEIG
7903 Orchard Park Way
Bowie, Maryland 20415,

　　　　　　　　　　　　　　　Defendant.

**SUMMONS**

Index No.

Plaintiff designates Onondaga County as the place of trial.

The basis of venue is Plaintiff's residence.

**TO THE ABOVE-NAMED DEFENDANT:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

DATED:      February 25, 2019

COSTELLO, COONEY & FEARON, PLLC

_____
ROBERT J. SMITH
Attorneys for the Plaintiff
　John Mezzalingua Associates, LLC
Office and Post Office Address
500 Plum Street, Suite 300
Syracuse, New York 13204-1401
Telephone:  (315) 422-1152

FILED: ONONDAGA COUNTY CLERK 02/25/2019 01:51 PM
NYSCEF DOC. NO. 1
INDEX NO. 001746/2019
RECEIVED NYSCEF: 02/25/2019

TO:  DARLENE BRAUNSCHWEIG
     7903 Orchard Park Way
     Bowie, Maryland 20415

FILED: ONONDAGA COUNTY CLERK 02/25/2019 01:51 PM
NYSCEF DOC. NO. 1
INDEX NO. 001746/2019
RECEIVED NYSCEF: 02/25/2019

STATE OF NEW YORK
SUPREME COURT     COUNTY OF ONONDAGA

JOHN MEZZALINGUA ASSOCIATES, LLC,

                                  Plaintiff,          **COMPLAINT**

            -vs-
                                                        Index No.

DARLENE BRAUNSCHWEIG,

                                  Defendant.

Plaintiff JOHN MEZZALINGUA ASSOCIATES, LLC, by their attorneys Costello, Cooney & Fearon, PLLC, complaining of the Defendant DARLENE BRAUNSCHWEIG, alleges and shows to the Court as follows:

**PARTIES**

1. Plaintiff JOHN MEZZALINGUA ASSOCIATES, LLC, (hereinafter "Plaintiff" or "JMA Wireless") is a domestic limited liability corporation existing pursuant to the laws of the State of New York, with a primary business address of 7645 Henry Clay Boulevard, Liverpool, New York 13088, Onondaga County, New York.

2. Defendant DARLENE BRAUNSCHWEIG (hereinafter "Defendant" or "Ms. Braunschweig") is a natural person who, upon information and belief, resides at 7903 Orchard Park Way, Bowie, Maryland 20415.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over all claims set forth herein pursuant to CPLR section 301.

FILED: ONONDAGA COUNTY CLERK 02/25/2019 01:51 PM
NYSCEF DOC. NO. 1

INDEX NO. 001746/2019
RECEIVED NYSCEF: 02/25/2019

4. Venue is proper in New York pursuant to CPLR Section 503(a) based upon the location of Plaintiff's corporate offices in Onondaga County. Venue is further proper in the Northern District of New York and New York State Supreme Court, Onondaga County, under the terms of a Severance Agreement between the parties.

## FACTUAL BACKGROUND

5. Plaintiff JMA Wireless is engaged in the business of manufacturing products and software for use in the construction of 5G wireless communication networks.

6. Defendant was employed by JMA Wireless as Vice President, Business Development from November 17, 2014 until December 11, 2017.

7. While employed by JMA Wireless, Defendant was privy to trade secrets and confidential information essential to the success of JMA's business. Such information included, but was not limited to, client lists, corporate relationships, and products and services offered by JMA Wireless and its competitors. As a result, the information possessed by Defendant because of her position at JMA Wireless posed a threat to the economic viability and success of Plaintiff's company if disclosed to third parties.

8. While employed by JMA Wireless, Defendant represented JMA in negotiations to have its products used in the buildout of 5G wireless network capabilities for the Resort World casino that is currently under construction in Las Vegas, Nevada.

9. Upon Defendant's separation from employment with JMA Wireless, Plaintiff and Defendant entered into a Severance Agreement, in which the Parties agreed to certain stipulations including consideration, terms and requirements.

10. Specifically, the Severance Agreement contains a restrictive covenant whereby Defendant agreed that, for a period of six (6) months following the execution of the Severance Agreement, she would not directly or indirectly, own, manage or be employed by a business competitive with JMA Wireless.

11. The Severance Agreement also contains a separate restrictive covenant in which Defendant agreed, without time limitation, that "following her separation from employment, she will not directly or indirectly affect and/or disrupt any of (JMA Wireless') pending or future sales".

12. As consideration for the restrictions on Defendant's activity required by the Severance Agreement, Defendant was paid severance payments totaling $132,500.00.

13. In or about August of 2018, Defendant became employed with Strategic Venture Partners ("SVP"). SVP is engaged as an "integrator" in the field of wireless communications, providing design, financing and related services to project owners seeking to build out wireless communications capabilities.

14. In or about September of 2018, SVP was retained as an "integrator" on the Resort World casino project. In her capacity as an SVP employee, Defendant undertook to assist Resort World in selecting an original equipment manufacturer for hardware to be used in building out Resort World's wireless network.

15. On or about September 24, 2018, JMA Wireless employees Daniel Cassinelli, Chris Wixom and Eli Fischer contacted Defendant to express JMA Wireless' interest in providing the hardware needed for Resort World's wireless network project. Defendant responded that Resort World had not, at that time, selected a vendor to provide the equipment needed for the project and that she would provide JMA with the information needed to provide a competitive bid.

16. Upon information and belief, Defendant was instrumental and exercised great influence over Resort World's selection of an original equipment manufacturer for its network project.

3

17. On or about December 12, 2018, JMA Wireless employees Chris Wixom and Eli Fischer met with Chad Mostats, the Vice President of Information Technology for Resorts World Las Vegas, regarding its network project. During this meeting, Mr. Mostats stated that he was relying on Defendant and SVP to make recommendations on the design and procurement of equipment for the network project and referred Mr. Wixom and Mr. Fischer to Defendant regarding JMA's interest in bidding to provide the equipment for the project.

18. Also, on or about December 12, 2018, soon after their meeting with Chad Mostats, Chris Wixom and Eli Fischer met with Defendant regarding the Resorts World network project. During this meeting, Defendant expressed that she has a strong connection with SOLiD Gear, Inc., JMA Wireless' primary competitor in bidding upon the Resort World Project and that she believed JMA Wireless' cost to supply equipment to the Resort World project would be $1,500,000.00 more than SOLiD's price, despite the fact that JMA Wireless had not submitted a formal bid or price quotation. Defendant stated her belief that JMA could not compete for the Resort World contract.

19. JMA employees Wixom and Fischer requested that Defendant provide them with the design schematics and specifications for the project so that JMA Wireless could work with the specifications to provide an "apples to apples" bid for the project. Defendant stated that she would provide the requested information and materials.

20. On or about December 14, 2018, Defendant had not provided the materials and information necessary for JMA Wireless to prepare a bid on the Resorts World network project, so JMA employee Daniel Cassinelli placed a follow-up call to Defendant, wherein she reiterated her commitment to provide JMA with the design schematics and afford JMA the opportunity to fairly compete for the contract to provide the equipment for Resorts World's network project.

4

21. Shortly after Mr. Cassinelli's follow up call, Chris Wixom also placed a follow up call to Defendant inquiring about the information and materials she had pledged to provide to JMA so that it could fairly bid on the Resorts World project. Defendant yet again promised Mr. Wixom that she would provide JMA Wireless with the information and materials necessary to prepare a fair, competitive bid on the Resorts World network project.

22. Upon information and belief, in or about early January 2019, cabling for the Resorts World project commenced with materials specified for use with products made by SOLiD Gear, Inc., JMA Wireless' main competitor for the contract to provide equipment on the Resorts World network project.

23. Upon information and belief, Defendant, with knowledge that JMA Wireless had not been provided the information and materials it needed to fairly bid on the Resorts World project, recommended to Resorts World that the contract to provide equipment for its network project be awarded to SOLiD Gear, Inc.

24. Upon information and belief, Defendant's recommendation that Resorts World award the equipment contract to SOLiD Gear, Inc. without providing JMA Wireless a fair opportunity to bid on the contract was made with intent to harm JMA Wireless and disrupt its sales activity.

25. Upon learning that JMA had lost the opportunity to fairly bid on the Resorts World project due to Defendant's purposeful and malicious actions and inactions, JMA Wireless sent Defendant a written notice dated January 25, 2019, stating that she had breached her obligations to JMA Wireless as set forth in her Severance Agreement through her actions and inactions in connection with the Resorts World project and demanding repayment of all severance payments that she received under the Severance Agreement.

5

26. Defendant has not tendered repayment of the severance payments as demanded.

### AS AND FOR A FIRST CAUSE OF ACTION – BREACH OF CONTRACT

27. Plaintiff restates and incorporates paragraphs 1-25 of the Complaint as though fully set forth herein.

28. Defendant DARLENE BRAUNSCHWEIG entered into a written contract with Plaintiff JMA Wireless, in the form of the Severance Agreement dated December 11, 2017, whereby she agreed to certain restrictions and obligations in return for the consideration of severance payments in the amount of $132,500.00.

29. Section 4 of the Severance Agreement provides, in relevant part, that Defendant "will not directly or indirectly affect and/or disrupt any of the Company's pending future sales" without any temporal limitation on this restrictive covenant.

30. Defendant BRAUNSCHWEIG breached her obligations under the Severance Agreement when she interfered with and disrupted JMA Wireless' future sales by denying JMA Wireless the opportunity to submit a fair bid for the Resort World project.

31. Defendant BRAUNSCHWEIG, in her position with SVP, an integrator of wireless networks, was primarily responsible for advising Resorts World on the selection of an original equipment manufacturer to provide components for the planned network.

32. As a direct and proximate result of the Defendant's breach of the Severance Agreement, Plaintiff was denied the opportunity to fairly bid on the Resort World project that would have provided substantial revenue for the company. Moreover, Defendant directly affected a "future sale" of the Plaintiff, violating the terms of the agreement.

FILED: ONONDAGA COUNTY CLERK 02/25/2019 01:51 PM                INDEX NO. 001746/2019
NYSCEF DOC. NO. 1                                                RECEIVED NYSCEF: 02/25/2019

33. Defendant's breach of the Severance Agreement caused JMA Wireless to suffer damages, including, but not limited to, the amount of the severance payment made in consideration for Defendant's obligations thereunder and actual damages including, but not limited to, the lost sales revenue it would have derived from the sale of equipment to Resorts World for use on its network project.

## AS AND FOR A SECOND CAUSE OF ACTION – TORTIOUS INTERFERENCE WITH BUSINESS OPPORTUNITY

34. Plaintiff restates and incorporates paragraphs 1-33 of the Complaint as though fully set forth herein.

35. Upon information and belief, Defendant's actions and inactions related to the Resorts World Las Vegas network project, including but not limited to those described herein, had no economic or business justification and were undertaken for the sole purpose of inflicting harm on Plaintiff JMA Wireless and denying JMA Wireless the opportunity to fairly compete for the contract to provide equipment for the Resorts World Las Vegas network project.

35. Upon information and belief, Defendant's actions and inactions related to the Resorts World Las Vegas network project to were undertaken for the purpose of providing Plaintiff JMA Wireless' competitor, SOLiD Gear, Inc., with a competitive advantage with respect to bidding for the contract to provide equipment for the Resorts World Las Vegas network project and for improperly denying JMA Wireless the opportunity to fairly compete for the contract.

36. Plaintiff has been harmed by Defendant's tortious interference with its prospective business relationship with Resorts World Las Vegas in an amount to be determined at trial.

7

WHEREFORE, Plaintiff JOHN MEZZALINGUA ASSOCIATES, LLC, demands judgment in its favor awarding it damages in an amount to be determined at trial, but not less than $2,000,000, along with its reasonable costs and attorney's fees and such other and further relief as the Court deems just and proper.

DATED:   February 25, 2019              COSTELLO, COONEY & FEARON, PLLC

_____
ROBERT J. SMITH
Attorneys for Plaintiff
  John Mezzalingua Associates, LLC
Office and Post Office Address
500 Plum Street, Suite 300
Syracuse, New York 13204-1401
Telephone: (315) 422-1152

TO:   Darlene Braunschweig
      7903 Orchard Park Way
      Bowie, Maryland 20415

| | NYSCEF | **Document List** | |
|---|---|---|---|
| | Onondaga County Supreme Court | **Index #  001746/2019** | Created on:03/26/2019 10:36 AM |

Case Caption:   **John Mezzalingua Associates, LLC v. Darlene Braunschweig**

Judge Name:

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 1 | SUMMONS + COMPLAINT | Processed | 02/25/2019 | Smith, R. |
| 2 | ACKNOWLEDGEMENT OF SERVICE | Processed | 03/21/2019 | Militello, C. |